# Exhibit A

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03626-S1**
**5/14/2021 2:54 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| PATRICK SMITH and ELIZABETH SMITH, individually as Surviving Parents of HUNTER SMITH, deceased; and ELIZABETH SMITH, as Administrator of the ESTATE OF HUNTER SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> SAFELITE FULFILLMENT, INC. and WENDELL GRIFFIN, <br> Defendants. | CIVIL ACTION FILE NO. <br><br> **21-C-03626-S1** <br> _____ <br><br><br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiff, by and through her counsel, hereby files this Complaint and shows this Honorable Court and Jury as follows:

### PARTIES

1.

This lawsuit arises from an incident on May 14, 2019 at a Safelite Autoglass facility located in Braselton, Georgia, which resulted in the death of Hunter Smith at the age of twenty-two (22).

2.

Plaintiffs Patrick Smith and Elizabeth Smith are residents and citizens of the State of Georgia.

3.

Plaintiffs Patrick Smith and Elizabeth Smith are the surviving parents of Hunter Smith, deceased. At the time of his death, Hunter Smith was not survived by a spouse or children.

1

4.

Plaintiff Elizabeth Smith is the duly appointed Administrator of the Estate of Hunter Smith.

5.

Defendant Safelite Fulfillment, Inc. is a Delaware corporation with its principal place of business in Ohio.  Defendant Safelite Fulfillment, Inc. is registered to transact business in the State of Georgia and does conduct substantial business within the state of Georgia. Defendant Safelite Fulfillment, Inc. may be served through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

6.

Defendant Safelite Fulfillment, Inc. is subject to the jurisdiction of this Court.

7.

On information and belief, Defendant Safelite Fulfillment, Inc. operated the business known as Safelite Autoglass located at 1350 Braselton Parkway, Braselton, Georgia, on and before May 14, 2019.

8.

Defendant Wendell Griffin is, on information and belief, a resident and citizen of State of Georgia and may be served at 897 Sand Lane, Lawrenceville, Gwinnett County, Georgia 30045.

9.

On information and belief, at all times relevant hereto including on May 14, 2019, Defendant Griffin was an agent and employee of Defendant Safelite Fulfillment, Inc.

10.

On information and belief, the negligent acts and omissions of Defendant Griffin complained of herein were performed within the course and scope of his employment with Defendant Safelite Fulfillment, Inc.

11.

Defendant Safelite Fulfillment, Inc. is liable for the acts and omissions of its agent and employee, Defendant Griffin, under theories of *respondeat superior*, apparent agency, ostensible agency and other theories of agency-principal law.

12.

Defendants are joint tortfeasors and are jointly and severally liable for the acts and omissions complained of herein, and the damages sustained by plaintiff.

13.

Venue is proper in this Court.

## **FACTS**

14.

Plaintiffs incorporate the above-numbered allegations as if fully set forth herein.

15.

On May 14, 2019, Hunter Smith was performing work at the Safelite Autoglass facility located at 1350 Braselton Parkway, Braselton, Georgia, as an agent and employee of Hire Dynamics.

16.

At the time he was performing work at the Safelite Autoglass Braselton facility, Hunter Smith was not an agent or employee of Defendant Safelite Fulfillment, Inc.

3

17.

Defendant Griffin was also working at the Safelite Autoglass Braselton facility on May 14, 2019.

18.

On information and belief, Defendant Griffin was working at the Safelite Autoglass Braselton facility on May 14, 2019, as an agent and employee of Defendant Safelite Fulfillment, Inc., operating a material handling truck on its behalf and for its benefit.

19.

Defendant Griffin owed Plaintiff's decedent, Hunter Smith, a duty to use ordinary care in the operation of his material handling truck on May 14, 2019.

20.

Defendant Griffin breached this duty and was negligent in the operation of his material handling truck on May 14, 2019.

21.

During the course and within the scope of his employment with Defendant Safelite Fulfillment, Inc., Defendant Griffin negligently operated a material handling truck, thereby causing Hunter Smith to suffer serious physical and other injuries and caused Hunter Smiths' death at the age of twenty-two (22) on May 14, 2019.

22.

Defendant Safelite Fulfillment, Inc. is liable for the negligent and wrongful acts and omissions of Defendant Griffin.

## COUNT I – ESTATE CLAIMS

### 23.

Plaintiffs incorporate the above-numbered allegations as if fully set forth herein.

### 24.

As a direct and proximate result of Defendants' negligence, Hunter Smith suffered serious physical and emotional injuries, pain and suffering.  Plaintiff Elizabeth Smith, as Administrator of the Estate of Hunter Smith, is entitled to recover damages from Defendants for the physical and emotional injuries, pain and suffering endured by Hunter Smith prior to his death in an amount determined by the enlightened conscience of the jury.

### 25.

As a direct and proximate result of Defendants' negligence, Hunter Smith's Estate incurred medical, funeral and burial expenses.  Plaintiff Elizabeth Smith, as Administrator of the Estate of Hunter Smith, is entitled to recover damages from Defendants for these medical, funeral and burial expenses in an amount proven at trial.

## COUNT II – WRONGFUL DEATH CLAIM

### 26.

Plaintiffs incorporate the above-numbered allegations as if fully set forth herein.

### 27.

As a direct and proximate result of Defendants' negligence, Hunter Smith died prematurely at the age of twenty-two (22). Plaintiffs Patrick and Elizabeth Smith, as surviving parents of Hunter Smith, are entitled to recover damages from Defendants for the full value of the life of Hunter Smith in an amount determined by the enlightened conscience of the jury.

## STATUTE OF LIMITATIONS TOLLING

28.

In response to the global Covid-19 crisis, Chief Justice of the Georgia Supreme Court Harold D. Melton issued an Order Declaring Statewide Judicial Emergency on March 14, 2020, pursuant to O.C.G.A. § 38-3-61.  That Order suspended, tolled, extended and otherwise granted relief from any deadlines or other time schedules or filing requirements imposed by otherwise applicable statutes, rules, regulations or court orders, whether in civil or criminal cases or administrative matters, including, but not limited to, any statute of limitation.

29.

Subsequent Orders were entered by the Chief Justice of the Georgia Supreme Court extending the tolling of statutes of limitation on April 6, 2020, May 11, 2020, June 12, 2020, and July 10, 2020.

30.

The Chief Justice's Fourth Order Extending Declaration of Statewide Judicial Emergency dated July 10, 2020, reinstituted deadlines, including statutes of limitation, effective July 14, 2020, specifically providing as follows: "The 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation."

31.

Thus, the statute of limitation on the wrongful death claim asserted by Plaintiffs against Defendants was tolled for 122 days between March 14, 2020 and July 14, 2020.

32.

Absent the Order Declaring Statewide Judicial Emergency, and subsequent Orders extending the statute of limitation tolling, the statute of limitation on Plaintiffs' wrongful death claim against Defendants would have expired on May 14, 2021.  However, due to the 122 day tolling period set forth above, the statute of limitation on Plaintiff's claims against Defendants shall not expire until 122 days after May 14, 2021, or the next business day.

33.

In addition, Hunter Smith's Estate was unrepresented until November 12, 2020, when Letters of Administration were issued by the Probate Court of Jackson County making Elizabeth Smith Administrator of that Estate.

34.

Pursuant to O.C.G.A. § 9-3-92, the time between Hunter Smith's death on May 14, 2019 and the time commence of representation of his Estate on November 12, 2020, shall not be counted against his Estate in calculating the applicable statute of limitations.  As such, the statute of limitations on the claims of the Estate of Hunter Smith will not expire until November 12, 2022.

35.

Accordingly, the filing of this Complaint and Plaintiffs' claims are timely.

**WHEREFORE,** Plaintiffs pray:

a)    That process issue and Defendants be served as provided by law;

b)    That Plaintiffs have a trial by jury on all issues so triable;

c)    That Plaintiffs have judgment against Defendants, jointly and severally, for all damages, costs and expenses plead herein;

d)    That Plaintiffs be awarded expenses of litigation, including fees, pursuant to

7

O.C.G.A. § 13-6-11;

e)      That all costs and attorney's fees be taxed against the Defendants; and

f)      That Plaintiffs have such further relief which the Court deems just and proper.

This the 14th day of May, 2021.

Respectfully Submitted,

**CASH, KRUGLER, & FREDERICKS, LLC**
/s/ David Krugler
David Krugler
Georgia Bar Number 429929

5447 Roswell Road, N.E.
Atlanta, Georgia 30342
(404) 659-1710
(404 264-1149 (fax)
dkrugler@ckf.law

**THE LAW OFFICE OF JOSHUA W. BRANCH, LLC**
/s/ Joshua W. Branch
Joshua W. Branch
Georgia Bar Number 142280

648 South Milledge Avenue
Athens, GA  30605
(706) 850-4994
(706) 850-4998 (fax)
jb@joshbranchlaw.com

8

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-03626-S1
5/14/2021 2:54 PM
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Patrick Smith and Elizabeth Smith,
individually as Surviving Parents of Hunter
Smith, deceased; and Elizabeth Smith, as
Administrator of the Estate of Hunter Smith
c/o Cash Krugler Fredericks, LLC
5447 Roswell Road NE, Atlanta, GA 30342

CIVIL ACTION
NUMBER:_____ 21-C-03626-S1

PLAINTIFF

VS.

Safelite Fulfillment, Inc.
c/o Corporate Service Company (Registered Agent)
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

David N. Krugler
Cash Krugler Fredericks, LLC
5447 Roswell Road NE
Atlanta, Georgia 30342
(404) 659-1710

an answer to the complaint which is herewith served upon you, **within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

This _____14TH_____ day of _____MAY_____, 20_21_.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03626-S1**

**5/14/2021 2:54 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Patrick Smith and Elizabeth Smith,
individually as Surviving Parents of Hunter
Smith, deceased; and Elizabeth Smith, as
Administrator of the Estate of Hunter Smith
c/o Cash Krugler Fredericks, LLC
5447 Roswell Road NE, Atlanta, GA 30342

CIVIL ACTION
NUMBER: **21-C-03626-S1**

PLAINTIFF

VS.

Wendell Griffin

897 Sand Lane, Lawrenceville, GA 30045

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

David N. Krugler
Cash Krugler Fredericks, LLC
5447 Roswell Road NE
Atlanta, Georgia 30342
(404) 659-1710

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **14TH** day of **MAY**, 20**21**.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

21-C-03626-S1
5/14/2021 5:09 PM
TIANA P. GARNER, CLERK

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of _____ County

| For Clerk Use Only |
|---|
| Date Filed _____          Case Number _____ |
| **MM-DD-YYYY** |

**Plaintiff(s)**                                              **Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|

**Plaintiff's Attorney** _____          **Bar Number** _____          **Self-Represented** ☐

**Check One Case Type in One Box**

| General Civil Cases |
|---|
| ☐ Automobile Tort |
| ☐ Civil Appeal |
| ☐ Contract |
| ☐ Garnishment |
| ☒ General Tort |
| ☐ Habeas Corpus |
| ☐ Injunction/Mandamus/Other Writ |
| ☐ Landlord/Tenant |
| ☐ Medical Malpractice Tort |
| ☐ Product Liability Tort |
| ☐ Real Property |
| ☐ Restraining Petition |
| ☐ Other General Civil |

| Domestic Relations Cases |
|---|
| ☐ Adoption |
| ☐ Dissolution/Divorce/Separate Maintenance |
| ☐ Family Violence Petition |
| ☐ Paternity/Legitimation |
| ☐ Support – IV-D |
| ☐ Support – Private (non-IV-D) |
| ☐ Other Domestic Relations |

| **Post-Judgment – Check One Case Type** |
|---|
| ☐ Contempt |
| ☐ Non-payment of child support, medical support, or alimony |
| ☐ Modification |
| ☐ Other/Administrative |

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                    **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03626-S1**
**6/2/2021 4:53 PM**
TIANA P. GARNER, CLERK

# AFFIDAVIT OF SERVICE

**State of Georgia**          **County of Gwinett**          **State Court**

Case Number: 21-C-03626-S1

Plaintiff:
**Patrick Smith & Elizabeth Smith**

vs.

Defendant:
**Wendell Griffin**

For:
Cash, Krugler & Fredericks, LLC
5447 Roswell Rd, NE
Atlanta, GA 30342

Received by Action Legal Process to be served on **Wendell Demark Griffin, 1336 Cameron Court, Montgomery, AL 36117**.

I, Quesha Russell, being duly sworn, depose and say that on the **25th day of May, 2021** at **8:33 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons (Griffin), Complaint, Plaintiffs' Request to Admit to All Defendants, Plaintiffs' First Continuing Interrogatories to Defendant Safelite Fulfillment, Inc., Plaintiffs' First Request for Production of Documents to Defendant Safelite Fulfillment, Inc., Plaintiffs' First Continuing Interrogatories to Defendant Wendell Griffin, Plaintiffs' First Request for Production of Documents to Wendell Griffin (incorrectly titled/addressed to Safelite Fulfillment, Inc.)** with the date and hour of service endorsed thereon by me, to: **Wendell Demark Griffin** at the address of: **1336 Cameron Court, Montgomery, AL 36117**, and informed said person of the contents therein, in compliance with state statutes.

**Marital Status:** Based upon inquiry of party served, Defendant is not married.

**Description** of Person Served: Age: 40, Sex: M, Race/Skin Color: Black, Height: 5'7", Weight: 160, Hair: Black, Glasses: N

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 26th day of May, 2021 by the affiant who is personally known to me by presenting photo identification.

_____
NOTARY PUBLIC

STATE OF _Alabama_

COUNTY OF _Montgomery_

MY COMMISSION EXPIRES
ON 8/26/2024

_____
**Quesha Russell**

**Action Legal Process**
**6812 N. Oak Trafficway**
**Suite 2**
**Kansas City, MO 64118**
**(888) 511-1919**

Our Job Serial Number: RTI-2021022224
Ref: Hunter Smith

Copyright © 1992-2021 Database Services, Inc. – Process Server's Toolbox V8.2b



E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03626-S1**
**5/24/2021 11:23 AM**
TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

PATRICK SMITH and ELIZABETH          )
SMITH, individually as Surviving     )
Parents of HUNTER SMITH, deceased;   )
and ELIZABETH SMITH, as              )       CIVIL ACTION FILE NO.
Administrator of the ESTATE OF       )
HUNTER SMITH,                        )       21-C-03626-S1
                                     )
          Plaintiffs,                )
                                     )
v.                                   )
                                     )
SAFELITE FULFILLMENT, INC. and       )
WENDELL GRIFFIN, .                    )
                                     )
          Defendants.                )

## ACKNOWLEDGMENT OF SERVICE OF CIVIL PROCESS

To:   David Krugler, Esq.
      Cash, Krugler & Fredericks, LLC
      5447 Roswell Road, N.E.
      Atlanta, GA 30342
      Counsel for Plaintiffs

COMES NOW, Defendant Safelite Fulfillment, Inc., by and through its undersigned counsel, and hereby acknowledges service of the following documents in the above-captioned action:

(1)   Summons to Defendant Safelite Fulfillment, Inc.;

(2)   Summons to Defendant Wendell Griffin;

(3)   Complaint;

(4)   Plaintiffs' Requests to Admit to All Defendants;

(5)   Plaintiffs' First Continuing Interrogatories to Defendant Safelite Fulfillment, Inc.;

(6)   Plaintiffs' First Continuing Interrogatories to Defendant Wendell Griffin;

(7)   Plaintiffs' First Requests for Production of Documents to Defendant Safelite

Fulfillment, Inc.; and

(8)     Plaintiffs' First Requests for Production of Documents to Defendant Wendell
        Griffin (erroneously titled Plaintiffs' First Requests for Production of Documents to
        Safelite Fulfillment, Inc.).

Receipt of copies of the above-mentioned documents is hereby acknowledged and is

deemed legally sufficient by the undersigned. Further service or service of process is waived by

Defendant Safelite Fulfillment, Inc. By accepting and acknowledging service, Defendant Safelite

Fulfillment, Inc. does not waive any defenses it may have to Plaintiffs' Complaint other than as

to service of process.

I understand that Defendant Safelite Fulfillment, Inc. shall have thirty (30) days from the

date this Acknowledgment is signed to file an Answer to Plaintiffs' Complaint and/or other

defensive pleadings and that a judgment may be entered against said Defendant if an Answer

and/or defensive pleadings are not filed within this time period.

This the 24th day of May, 2021.

Respectfully Submitted,

By:     Robert A. Luskin
        Georgia Bar Number  004383
        *Attorney for Defendant Safelite Fulfillment, Inc.*

Goodman McGuffey, LLP
3340 Peachtree Road NE
Suite 2100
Atlanta, GA 30326
Phone (404) 264-1500
Fax (404) 264-1737
RLuskin@gm-llp.com

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03626-S1**

**6/23/2021 11:15 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| PATRICK SMITH and ELIZABETH SMITH, individually as Surviving Parents of HUNTER SMITH, deceased, and ELIZABETH SMITH, as Administrator of the ESTATE OF HUNTER SMITH, <br><br>    Plaintiff, <br><br> v. <br><br> SAFELITE FULFILLMENT, INC. and WENDELL GRIFFIN, <br><br>    Defendants. | Civil Action <br> File No.:     21-c-03626-S1 |

## AFFIRMATIVE DEFENSES AND ANSWER
## OF SAFELITE FULFILLMENT, INC.

COMES NOW, Safelite Fulfillment Inc., named Defendant in the above styled action, and files the following Defenses and Answer to Plaintiff's Complaint and shows the Court as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

For a Second Defense, the Defendant answers the numbered paragraphs of the Complaint as follows:

<u>PARTIES</u>

1.

Defendant states that Paragraph one of Plaintiffs' Complaint does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, cannot admit or deny same.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, therefore, cannot admit or deny same.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, cannot admit or deny same.

5.

Defendant admits that it is a Delaware corporation with its principal place of business in Ohio. Defendant admits it is registered to transact business in the State of Georgia. Defendant admits it has acknowledged service in this action. Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.

Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.

Defendant admits the allegation contained in Paragraph 7 of the Complaint.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, cannot admit or deny same.

9.

Defendant admits that on May 14, 2019 Defendant Griffin was an employee of Defendant. Defendant denies any remaining allegations contained in Paragraph 9 of the Complaint.

10.

Defendant denies as pled the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.

Defendant denies as pled the allegations contained in Paragraph 11 of the Plaintiffs' Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

## FACTS

14.

Defendant restates the foregoing responses and defenses as if set out fully herein.

15.

Defendant denies as pled the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.

Defendant admits the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.

Defendant admits that Defendant Griffin was working at the Safelite Autoglass Braselton facility on May 14, 2019, as an employee of Defendant. Defendant denies as pled the remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.

Defendant denies as pled the allegations contained in Paragraph 19 of the Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of the Complaint.

<u>COUNT I - ESTATE CLAIMS</u>

23.

Defendant restates the foregoing responses and defenses as if set out fully herein.

24.

- 4 -

Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

## COUNT II – WRONGFUL DEATH

26.

Defendant restates the foregoing responses and defenses as if set out fully herein.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

## STATUTE OF LIMITATIONS TOLLING

28.

Defendant denies as pled the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.

Defendant denies as pled the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.

Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, therefore, cannot admit or deny same.

34.

Defendant denies as pled the allegations contained in Paragraph 34 of the Complaint.

35.

Defendant admits the allegations contained in Paragraph 35 of the Complaint.

36.

Defendant denies the allegations contained in the WHEREFORE paragraph, including subparagraphs (a) through (f).

36.

Any allegation of the Complaint not admitted, denied or otherwise responded to above is hereby denied.

<u>THIRD DEFENSE</u>

Defendant is not liable to Plaintiff because Defendant breached no duty owed to Plaintiff in regard to the occurrence giving rise to this Complaint.

<u>FOURTH DEFENSE</u>

Plaintiffs' claims are barred by the Worker's Compensation Act.

<u>FIFTH DEFENSE</u>

The claims of Plaintiff are barred by the Georgia doctrine of assumption of risk.

<u>NINTH DEFENSE</u>

Plaintiff's injuries, if any, were caused by an unforeseeable intervening third party tortfeasor and/or the acts and failure to act of persons or entities other than Defendant.

## TENTH DEFENSE

The Plaintiff's failure to properly plead items of special damages sought in this action prohibits and/or bars Plaintiff's rights to recover and/or recoup any items of special damages in this action, as a matter of law.  O.C.G.A. § 9-11-9(g).

## ELEVENTH DEFENSE

The Complaint should be dismissed for lack of jurisdiction over the subject matter, lack of jurisdiction over the person of this Defendant and improper venue.

## TWELFTH DEFENSE AND/OR COUNTERCLAIM

If any portion of the Plaintiff's injuries or damages were caused in whole or in part by negligence of the Plaintiff's employer, then the Defendant is entitled to a set off in the amount of workers compensation benefits paid by the employer.  See, *J.R. Mabbett & Son, Inc. v. Ripley*, 185 Ga. App. 601 (1988).

## THIRTHEENTH DEFENSE

In the event that any benefits have been paid by or on behalf of Defendant, Defendant is entitled to a set off against any verdict for the amount of benefits paid.  See, *Orndorff v. Brown*, 197 Ga. App. 591 (1990).

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed with costs of this action cast against the Plaintiff.

This 23rd day of June, 2021.

                    Goodman McGuffey LLP
                    Attorneys for Safelite Fulfillment Inc.

By:      */s/Robert A. Luskin*
           Robert A. Luskin
           GA State Bar No.:  004383
           rluskin@GM-LLP.com
           Samantha M. Mullis
           GA State Bar No.:  365592
           smullis@gm-llp.com
           3340 Peachtree Road NE, Suite 2100
           Atlanta, GA 30326-1084
           (404) 264-1500 Phone
           (404) 264-1737 Fax

DEFENDANT DEMANDS
TRIAL BY JURY OF TWELVE

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| PATRICK SMITH and ELIZABETH SMITH, individually as Surviving Parents of HUNTER SMITH, deceased; and ELIZABETH SMITH, as Administrator of the ESTATE OF HUNTER SMITH, | Civil Action File No.:    21-c-03626-S1 |
|    Plaintiff, | |
| v. | |
| SAFELITE FULFILLMENT, INC. and WENDELL GRIFFIN, | |
|    Defendants. | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel and parties of record with a copy of Affirmative Defenses and Answer of Safelite Fulfillment, Inc. by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) or by depositing a copy of same in the United States Mail, postage prepaid, as follows:

Charles N. Kelley, Jr., Esq.
Kelley & Clements, LLP
PO Box 2758
Gainesville, GA 30503

Daniel T. Mabery, Esq.
Haynes & Boone, LLP
2323 Victory Ave
Dallas, TX 75219

David Paul Bender, Jr., Esq.
Haynes & Boone, LLP
600 Anton Blvd., Suite 700
Costa Mesa, CA 92626

Michael John Stoner, Esq.
Haynes & Boone, LLP
2323 Victory Ave

Dallas, TX 75219

Nancy K. Tordai, Esq.
Peters & Nye, LLC
14 Executive Court, Suite 2
South Barrington, IL 60010

This 23rd day of June, 2021.

By:    */s/Robert A. Luskin*
Robert A. Luskin
GA State Bar No.:  004383
rluskin@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03626-S1**

**6/23/2021 11:15 AM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| PATRICK SMITH and ELIZABETH SMITH, individually as Surviving Parents of HUNTER SMITH, deceased; and ELIZABETH SMITH, as Administrator of the ESTATE OF HUNTER SMITH, | Civil Action File No.:      21-c-03626-S1 |
| Plaintiff, | |
| v. | |
| SAFELITE FULFILLMENT, INC. and WENDELL GRIFFIN, | |
| Defendants. | |

## SPECIAL APPEARANCE ANSWER FOR DEFENDANT WENDELL GRIFFIN

COMES NOW, Wendell Griffin, named Defendant in the above styled action, without submitting to the jurisdiction of the Court files this Special Appearance Answer to Plaintiffs' Complaint and shows the Court as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

For a Second Defense, the Defendant answers the numbered paragraphs of the Complaint as follows:

<u>PARTIES</u>

1.

Paragraph 1 of the Complaint speaks for itself and does not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, cannot admit or deny same.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, therefore, cannot admit or deny same.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, cannot admit or deny same.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, cannot admit or deny same.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, cannot admit or deny same.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, cannot admit or deny same.

8.

Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.

Defendant admits that he was an employee of Safelite on May 14, 2019. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.

Defendant denies as pled the allegations contained in Paragraph 10 of the Complaint.

11.

Defendant denies as pled the allegations contained in Paragraph 11 of the Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of the Complaint.

<u>FACTS</u>

14.

Defendant realleges the foregoing responses and defenses as if set forth fully herein.

15.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, cannot admit or deny same.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, cannot admit or deny same.

17.

Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18.

Defendant admits that he was working at the Safelite Autoglass Braselton facility on May 14, 2019 as an employee of Safelite. Defendant denies as pled the remaining allegations contained in Paragraph 18 of the Complaint.

19.

Defendant denies as pled the allegations contained in Paragraph 19 of the Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of the Complaint.

COUNT I – ESTATE CLAIMS

23.

Defendant realleges the foregoing responses and defenses as if set forth fully herein.

24.

Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of the Complaint.

COUNT II – WRONGFUL DEATH CLAIM

26.

Defendant realleges the foregoing responses and defenses as if set forth fully herein.

27.

Defendant denies the allegations contained in Paragraph 27 of the Complaint.

STATUTE OF LIMITATIONS TOLLING

28.

Defendant denies as pled the allegations contained in Paragraph 28 of the Complaint.

29.

Defendant denies as pled the allegations contained in Paragraph 29 of the Complaint.

30.

Defendant denies as pled the allegations contained in Paragraph 30 of the Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.

Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, therefore, cannot admit or deny same.

34.

Defendant denies as pled the allegations contained in Paragraph 34 of the Complaint.

35.

Defendant denies all allegations contained in the WHEREFORE paragraph including subparagraphs (a) through (f).

36.

Any allegation of the Complaint not admitted, denied or otherwise responded to above is hereby denied.

### THIRD DEFENSE

Defendant is not liable to Plaintiff because Defendant breached no duty owed to Plaintiff in regard to the occurrence giving rise to this Complaint.

### FOURTH DEFENSE

Defendant shows that the alleged damages of Plaintiff, if any, were caused by the contributory and comparative negligence of Plaintiff.

### FIFTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of Defendant.

### SIXTH DEFENSE

Defendant is not liable to Plaintiff because the negligence of Plaintiff equaled or preponderated over any acts or omissions of Defendant in producing or in bringing about the occurrence complained of, but Defendant denies that any act of Defendant produced, brought about, caused, or contributed to in any manner whatsoever the occurrence complained of in the Complaint.

### SEVENTH DEFENSE

Plaintiffs' claims are barred by the Workers' Compensation Act.

### EIGHTH DEFENSE

Defendant is an improper party.

### NINTH DEFENSE

Plaintiff's injuries, if any, were caused by an unforeseeable intervening third party tortfeasor and/or the acts and failure to act of persons or entities other than Defendant.

## TENTH DEFENSE

The Plaintiff's failure to properly plead items of special damages sought in this action prohibits and/or bars Plaintiff's rights to recover and/or recoup any items of special damages in this action, as a matter of law.  O.C.G.A. § 9-11-9(g).

## ELEVENTH DEFENSE

The Complaint should be dismissed for lack of jurisdiction over the subject matter, lack of jurisdiction over the person of this Defendant improper venue, and insufficiency of process and service of process as to this Defendant.

## TWELFTH DEFENSE AND/OR COUNTERCLAIM

If any portion of the Plaintiff's injuries or damages were caused in whole or in part by negligence of the Plaintiff's employer, then the Defendant is entitled to a set off in the amount of workers compensation benefits paid by the employer.  See, *J.R. Mabbett & Son, Inc. v. Ripley*, 185 Ga. App. 601 (1988).

## THIRTEENTH DEFENSE

In the event that any benefits have been paid by or on behalf of Defendant, Defendant is entitled to a set off against any verdict for the amount of benefits paid.  See, *Orndorff v. Brown*, 197 Ga. App. 591 (1990).

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed with costs of this action cast against the Plaintiff.

This 23rd day of June, 2021.

Goodman McGuffey LLP
Attorneys for Safelite Fulfillment Inc.

By:    _/s/ Robert A. Luskin_____
Robert A. Luskin
GA State Bar No.:  004383
rluskin@GM-LLP.com
Samantha M. Mullis
GA State Bar No.:  365592
smullis@gm-llp.com
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax

DEFENDANT DEMANDS
TRIAL BY JURY OF TWELVE

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| PATRICK SMITH and ELIZABETH SMITH, individually as Surviving Parents of HUNTER SMITH, deceased; and ELIZABETH SMITH, as Administrator of the ESTATE OF HUNTER SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>SAFELITE FULFILLMENT, INC. and WENDELL GRIFFIN,<br><br>    Defendants. | Civil Action<br>File No.:       21-c-03626-S1 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel and parties of record with a copy of Special Appearance Answer for Defendant Wendell Griffin by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) or by depositing a copy of same in the United States Mail, postage prepaid, as follows:

David N. Krugler, Esq.
Cash, Krugler & Fredericks, LLC
5447 Roswell Road, N.E.
Atlanta, GA 30342

Joshua W. Branch, Esq.
648 S. Milledge Avenue
Athens, GA 30605

This 23rd day of June, 2021.

By:    _/s/ Robert A. Luskin_____
       Robert A. Luskin
       GA State Bar No.:  004383
       rluskin@GM-LLP.com Goodman McGuffey LLP
       3340 Peachtree Road NE, Suite 2100
       Atlanta, GA 30326-1084
       (404) 264-1500 Phone
       (404) 264-1737 Fax

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03626-S1**

**6/23/2021 11:15 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| PATRICK SMITH and ELIZABETH SMITH, individually as Surviving Parents of HUNTER SMITH, deceased; and ELIZABETH SMITH, as Administrator of the ESTATE OF HUNTER SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>SAFELITE FULFILLMENT, INC. and WENDELL GRIFFIN,<br><br>    Defendants. | Civil Action<br>File No.:        21-c-03626-S1 |

## DEFENDANT SAFELITE FULFILLMENT, INC.'S 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

COMES NOW, Safelite Fulfillment, Inc. ("Safelite"), named Defendant, and files this 12(B)(6) Motion to Dismiss for Failure to State a Claim because Plaintiffs' claims are barred by the exclusive remedy under the Georgia Workers' Compensation Act.

I.    <u>INTRODUCTION</u>

This action arises out of a tragic incident that occurred at a Safelite distribution center in Braselton, Georgia that resulted in the death of Hunter Smith. The action is brought on behalf of Mr. Smith by his surviving parents alleging negligence against Mr. Griffin and vicarious liability against Safelite. Plaintiffs have also alleged that they are entitled to attorney's fees under O.C.G.A. §13-6-11. Plaintiffs made the following allegations in their Complaint.

Safelite operated the facility in Braselton, Georgia where the incident occurred. (See Complaint, ¶7, attached as Exhibit "A"). Mr. Smith *was working at the Safelite facility* in Braselton, Georgia and that he was an employee of Hire Dynamics. (Complaint, ¶15,).

Mr. Smith was not an employee of Safelite. (Complaint, ¶16). On the day of the incident, Defendant Griffin *was working at the Safelite facility* in Braselton, Georgia when he caused the death of Mr. Smith by negligently operating a material handling truck. (Complaint, ¶¶ 17, 21). Defendant Griffin was an employee of Safelite. (Complaint, ¶18).

## II.     STANDARD

A motion to dismiss for failure to state a claim should be granted only

> if it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim.... A plaintiff does not have to plead in the complaint facts sufficient to set out the element of a cause of action so long as the complaint puts the opposite party on reasonable notice of what issues must be defended against; therefore, no matter how poorly a complaint has been drafted, if the complaint sufficiently raises possible theories of recovery, it should not be dismissed. On motion to dismiss the trial court must construe plaintiff's amended complaint most favorably for the plaintiff with all doubts resolved in his favor.

Martin v. Brown, 222 Ga. App. 566, 567, 474 S.E.2d 742 (1996).

## III.    ARGUMENT AND CITATION TO AUTHORITY

**When a plaintiff's work-related injury occurs on the premises of the statutory employer, plaintiff's tort remedies against the statutory employer and co-employees are barred by the Workers' Compensation Act.**

Georgia law provides that the exclusive remedy provision of the Workers' Compensation Act ("WCA") prevents an injured employee or his/her dependents from bringing a tort claim against the employer, a statutory employer, or a co-employee. See O.C.G.A. §34-9-11, Sturgess v. OA Logistics Svcs., 336 Ga. App. 134, 135, 784 S.E.2d 432 (2016). The statutory employer doctrine is based on OCGA § 34–9–8, which states in pertinent part: "(a) A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate

employer ... (d) This Code section shall apply only in cases where the injury occurred on, in, or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management." Manning v. Ga. Power Co., 252 Ga. 404, 405, 314 S.E.2d 432 (1984). As a statutory employer liable to pay workers' compensation, the principal contractor receives the correlative benefit of tort immunity. Wright Assoc. v. Rieder, 247 Ga. 496(1), 277 S.E.2d 41 (1981).

In Vratsinas Const. Co v. Chitwood, the plaintiff was an employee of a subcontractor that was hired to install heating and air conditioning systems on a construction project. 314 Ga. App. 357, 358 (2012). While working on the construction site the plaintiff was injured. Id. The plaintiff then attempted to sue the general contractor in tort for negligent failure to maintain a safe construction site. Id. The Court of Appeals found that the trial court should have granted the general contractor's motion for summary judgment because the plaintiff was working on the construction site at the time of the injury. Id. at 359. This made the general contractor the statutory employer of the plaintiff at the time of the injury and general contractor was immune under the exclusive-remedy provision of the WCA. Id. See also, Creeden v. Fuentes, 296 Ga. App. 96, 673 S.E. 2d 611 (2009)(employee of subcontractor injured on construction site could not bring tort claim against general contractor or project manager).

In the instant case, Plaintiffs have attempted to creatively plead their way around the exclusive remedy provision of the WCA. The Court will notice that Plaintiffs intentionally did not plead the relationship between Hire Dynamics and Safelite or plead the type of work being performed by Mr. Smith and Mr. Griffin at the Safelite facility. Stating facts as they are, Mr. Smith suffered an unfortunate on the job injury that resulted in his death while working the Safelite facility. (Complaint, ¶¶15, 21).  Even taking as

- 3 -

true that Mr. Griffin and Mr. Smith were employees of two different direct employers, both Mr. Smith and Mr. Griffin were performing work at the Safelite facility. (Complaint, ¶¶ 7, 15, 17). Even though Safelite is not the direct employer of Mr. Smith, Safelite is Mr. Smith's statutory employer making Mr. Smith and Mr. Griffin co-employees of the same employer as required by the statute. See Sprowson v. Villalobos, 355 Ga. App. 279, 841 S.E. 2d 453 (2020); Stalwart Films LLC v. Bernecker, 855 S.E. 2d 120 (Ct. App. 2021).

Since both Mr. Griffin and Mr. Smith are employees of the same employer, Safelite, Mr. Smith's tort claims are barred against both Safelite and Mr. Griffin under the WCA. Therefore, Defendants respectfully request this Court GRANT their motion to dismiss with prejudice.

This 23rd day of June, 2021.

Goodman McGuffey LLP
Attorneys for Safelite Fulfillment Inc.

By:     _/s/Robert A. Luskin_____
ROBERT A. LUSKIN
GA State Bar No.  004383
rluskin@GM-LLP.com
SAMANTHA M. MULLIS
GA State Bar No.  365592
smullis@gm-llp.com
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| PATRICK SMITH and ELIZABETH SMITH, individually as Surviving Parents of HUNTER SMITH, deceased; and ELIZABETH SMITH, as Administrator of the ESTATE OF HUNTER SMITH, | Civil Action File No.:        21-c-03626-S1 |
|    Plaintiff, | |
| v. | |
| SAFELITE FULFILLMENT, INC. and WENDELL GRIFFIN, | |
|    Defendants. | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel and parties of record with a copy of Defendant Safelite Fulfillment, Inc.'s 12(B)(6) Motion to Dismiss for Failure to Sate a Claim by statutory electronic service pursuant to O.C.G.A. § 9-11-5(b) or by depositing a copy of same in the United States Mail, postage prepaid, as follows:

David N. Krugler, Esq.
Cash, Krugler & Fredericks, LLC
5447 Roswell Road, N.E.
Atlanta, GA 30342
dkrugler@ckandf.com
*Attorney for Plaintiff*

Joshua W. Branch, Esq.
648 S. Milledge Avenue
Athens, GA 30605
jb@joshbranchlaw.com
*Attorney for Plaintiff*

This 23rd day of June, 2021.

_/s/Robert A. Luskin_____
ROBERT A. LUSKIN
GA State Bar No.  004383
rluskin@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax

# Exhibit A

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03626-S1**

**5/14/2021 2:54 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| PATRICK SMITH and ELIZABETH SMITH, individually as Surviving Parents of HUNTER SMITH, deceased; and ELIZABETH SMITH, as Administrator of the ESTATE OF HUNTER SMITH, | ) ) ) ) ) ) | CIVIL ACTION FILE NO.  **21-C-03626-S1** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| SAFELITE FULFILLMENT, INC. and WENDELL GRIFFIN,  Defendants. | ) ) ) ) ) | |

## COMPLAINT

Plaintiff, by and through her counsel, hereby files this Complaint and shows this Honorable Court and Jury as follows:

## PARTIES

1.

This lawsuit arises from an incident on May 14, 2019 at a Safelite Autoglass facility located in Braselton, Georgia, which resulted in the death of Hunter Smith at the age of twenty-two (22).

2.

Plaintiffs Patrick Smith and Elizabeth Smith are residents and citizens of the State of Georgia.

3.

Plaintiffs Patrick Smith and Elizabeth Smith are the surviving parents of Hunter Smith, deceased. At the time of his death, Hunter Smith was not survived by a spouse or children.

1

4.

Plaintiff Elizabeth Smith is the duly appointed Administrator of the Estate of Hunter Smith.

5.

Defendant Safelite Fulfillment, Inc. is a Delaware corporation with its principal place of business in Ohio.  Defendant Safelite Fulfillment, Inc. is registered to transact business in the State of Georgia and does conduct substantial business within the state of Georgia. Defendant Safelite Fulfillment, Inc. may be served through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

6.

Defendant Safelite Fulfillment, Inc. is subject to the jurisdiction of this Court.

7.

On information and belief, Defendant Safelite Fulfillment, Inc. operated the business known as Safelite Autoglass located at 1350 Braselton Parkway, Braselton, Georgia, on and before May 14, 2019.

8.

Defendant Wendell Griffin is, on information and belief, a resident and citizen of State of Georgia and may be served at 897 Sand Lane, Lawrenceville, Gwinnett County, Georgia 30045.

9.

On information and belief, at all times relevant hereto including on May 14, 2019, Defendant Griffin was an agent and employee of Defendant Safelite Fulfillment, Inc.

10.

On information and belief, the negligent acts and omissions of Defendant Griffin complained of herein were performed within the course and scope of his employment with Defendant Safelite Fulfillment, Inc.

11.

Defendant Safelite Fulfillment, Inc. is liable for the acts and omissions of its agent and employee, Defendant Griffin, under theories of *respondeat superior*, apparent agency, ostensible agency and other theories of agency-principal law.

12.

Defendants are joint tortfeasors and are jointly and severally liable for the acts and omissions complained of herein, and the damages sustained by plaintiff.

13.

Venue is proper in this Court.

**FACTS**

14.

Plaintiffs incorporate the above-numbered allegations as if fully set forth herein.

15.

On May 14, 2019, Hunter Smith was performing work at the Safelite Autoglass facility located at 1350 Braselton Parkway, Braselton, Georgia, as an agent and employee of Hire Dynamics.

16.

At the time he was performing work at the Safelite Autoglass Braselton facility, Hunter Smith was not an agent or employee of Defendant Safelite Fulfillment, Inc.

3

17.

Defendant Griffin was also working at the Safelite Autoglass Braselton facility on May 14, 2019.

18.

On information and belief, Defendant Griffin was working at the Safelite Autoglass Braselton facility on May 14, 2019, as an agent and employee of Defendant Safelite Fulfillment, Inc., operating a material handling truck on its behalf and for its benefit.

19.

Defendant Griffin owed Plaintiff's decedent, Hunter Smith, a duty to use ordinary care in the operation of his material handling truck on May 14, 2019.

20.

Defendant Griffin breached this duty and was negligent in the operation of his material handling truck on May 14, 2019.

21.

During the course and within the scope of his employment with Defendant Safelite Fulfillment, Inc., Defendant Griffin negligently operated a material handling truck, thereby causing Hunter Smith to suffer serious physical and other injuries and caused Hunter Smiths' death at the age of twenty-two (22) on May 14, 2019.

22.

Defendant Safelite Fulfillment, Inc. is liable for the negligent and wrongful acts and omissions of Defendant Griffin.

## COUNT I – ESTATE CLAIMS

### 23.

Plaintiffs incorporate the above-numbered allegations as if fully set forth herein.

### 24.

As a direct and proximate result of Defendants' negligence, Hunter Smith suffered serious physical and emotional injuries, pain and suffering.  Plaintiff Elizabeth Smith, as Administrator of the Estate of Hunter Smith, is entitled to recover damages from Defendants for the physical and emotional injuries, pain and suffering endured by Hunter Smith prior to his death in an amount determined by the enlightened conscience of the jury.

### 25.

As a direct and proximate result of Defendants' negligence, Hunter Smith's Estate incurred medical, funeral and burial expenses.  Plaintiff Elizabeth Smith, as Administrator of the Estate of Hunter Smith, is entitled to recover damages from Defendants for these medical, funeral and burial expenses in an amount proven at trial.

## COUNT II – WRONGFUL DEATH CLAIM

### 26.

Plaintiffs incorporate the above-numbered allegations as if fully set forth herein.

### 27.

As a direct and proximate result of Defendants' negligence, Hunter Smith died prematurely at the age of twenty-two (22). Plaintiffs Patrick and Elizabeth Smith, as surviving parents of Hunter Smith, are entitled to recover damages from Defendants for the full value of the life of Hunter Smith in an amount determined by the enlightened conscience of the jury.

## STATUTE OF LIMITATIONS TOLLING

28.

In response to the global Covid-19 crisis, Chief Justice of the Georgia Supreme Court Harold D. Melton issued an Order Declaring Statewide Judicial Emergency on March 14, 2020, pursuant to O.C.G.A. § 38-3-61. That Order suspended, tolled, extended and otherwise granted relief from any deadlines or other time schedules or filing requirements imposed by otherwise applicable statutes, rules, regulations or court orders, whether in civil or criminal cases or administrative matters, including, but not limited to, any statute of limitation.

29.

Subsequent Orders were entered by the Chief Justice of the Georgia Supreme Court extending the tolling of statutes of limitation on April 6, 2020, May 11, 2020, June 12, 2020, and July 10, 2020.

30.

The Chief Justice's Fourth Order Extending Declaration of Statewide Judicial Emergency dated July 10, 2020, reinstituted deadlines, including statutes of limitation, effective July 14, 2020, specifically providing as follows: "The 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation."

31.

Thus, the statute of limitation on the wrongful death claim asserted by Plaintiffs against Defendants was tolled for 122 days between March 14, 2020 and July 14, 2020.

32.

Absent the Order Declaring Statewide Judicial Emergency, and subsequent Orders extending the statute of limitation tolling, the statute of limitation on Plaintiffs' wrongful death claim against Defendants would have expired on May 14, 2021.  However, due to the 122 day tolling period set forth above, the statute of limitation on Plaintiff's claims against Defendants shall not expire until 122 days after May 14, 2021, or the next business day.

33.

In addition, Hunter Smith's Estate was unrepresented until November 12, 2020, when Letters of Administration were issued by the Probate Court of Jackson County making Elizabeth Smith Administrator of that Estate.

34.

Pursuant to O.C.G.A. § 9-3-92, the time between Hunter Smith's death on May 14, 2019 and the time commence of representation of his Estate on November 12, 2020, shall not be counted against his Estate in calculating the applicable statute of limitations.  As such, the statute of limitations on the claims of the Estate of Hunter Smith will not expire until November 12, 2022.

35.

Accordingly, the filing of this Complaint and Plaintiffs' claims are timely.

**WHEREFORE,** Plaintiffs pray:

a)      That process issue and Defendants be served as provided by law;

b)      That Plaintiffs have a trial by jury on all issues so triable;

c)      That Plaintiffs have judgment against Defendants, jointly and severally, for all damages, costs and expenses plead herein;

d)      That Plaintiffs be awarded expenses of litigation, including fees, pursuant to

7

O.C.G.A. § 13-6-11;

e)      That all costs and attorney's fees be taxed against the Defendants; and

f)      That Plaintiffs have such further relief which the Court deems just and proper.

This the 14th day of May, 2021.

Respectfully Submitted,

**CASH, KRUGLER, & FREDERICKS, LLC**
/s/ David Krugler
David Krugler
Georgia Bar Number 429929

5447 Roswell Road, N.E.
Atlanta, Georgia 30342
(404) 659-1710
(404 264-1149 (fax)
dkrugler@ckf.law

**THE LAW OFFICE OF JOSHUA W. BRANCH, LLC**
/s/ Joshua W. Branch
Joshua W. Branch
Georgia Bar Number 142280

648 South Milledge Avenue
Athens, GA  30605
(706) 850-4994
(706) 850-4998 (fax)
jb@joshbranchlaw.com

8